ONE HUNDRED AND SIXTY-THREE, Etc., BARRELS OF WHISKEY (UNITED STATES v.). See Case No. 15,937.

ONE HUNDRED AND THIRTY BARRELS OF WHISKEY (UNITED STATES v.). See Case No. 15,938.

---

## Case No. 10,523.

ONE HUNDRED AND THIRTY-FOUR THOUSAND NINE HUNDRED AND ONE FEET OF PINE LUMBER.

[4 Blatchf. 182.] 1

Circuit Court, N. D. New York. July 1, 1858.

CUSTOMS DUTIES — FORFEITURE FOR FAILURE TO PRESENT MANIFEST — ACT OF MARCH 2, 1821 — WAIVER — RECIPROCITY TREATY WITH GREAT BRITAIN.

1. Under section 1 of the act of March 2, 1821 (3 Stat. 616), which provides, that merchandise, subject to duty, coming into the United States, from any foreign territory adjacent to the United States, shall be forfeited, if the master of the vessel in which it is brought, does not, immediately on his arrival within the United States, present a true, sworn manifest of the merchandise to the proper collector, or deputy

---

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

collector, the forfeiture is incurred if either a false manifest is presented, or if none is presented.

2. The officer, to whom the manifest must be presented, has no power to waive the requirements of the law, and allow the goods to enter the United States without a compliance with them. [Cited in U. S. v. One Sorrel Stallion and One Roan Horse, 51 Fed. 879.]

3. The law requires the master to present the manifest immediately on his arrival, and he is not entitled to twenty-four hours time to do so.

4. The reciprocity treaty between the United States and Great Britain, of June 5, 1854 (10 Stat. 1089), and the act of August 5, 1854 (Id. 587), providing for carrying into effect that treaty, did not operate to repeal the previous laws, as it respects penalties and forfeitures that had already been incurred. Their effect was to suspend the previous statutes after a given time, so far only as they affected certain enumerated articles, and to admit them thereafter free of duty.

[Appeal from the district court of the United States for the Northern district of New York.]

This was a libel of information, filed in the district court, by the United States, against a quantity of pine lumber, brought in a vessel from Canada into the United States, to condemn it as forfeited, for a violation of the 1st section of the act of congress, of March 2, 1821 (3 Stat. 616). That section provides, that it shall be the duty of the master of any vessel coming from any foreign territory adjacent to the United States, into the United States, with merchandise subject to duty, to deliver, immediately on his arrival within the United States, at the office of any collector, or deputy collector, which shall be nearest to the boundary line, or to the waters by which such merchandise is brought, a sworn manifest of the cargo or loading of such vessel, containing a true account of the kinds, quantities, and values of the merchandise, and that, for a neglect or refusal to deliver the manifest, the merchandise subject to duty, and so imported, shall be forfeited to the United States. The lumber in question was subject to duty, and the master of the vessel had neglected to present a true, sworn manifest immediately on his arrival. The importation took place before the making of the reciprocity treaty between the United States and Great Britain, of June 5, 1854 (10 Stat. 1089), and before the passage of the act of congress of August 5, 1854 (Id. 587), providing for carrying into effect that treaty, and the first section of which enacts that, after a specified time, timber and lumber of all kinds, round, hewed, and sawed, unmanufactured in whole, or in part, imported from Canada, shall be introduced into the United States free of duty, so long as the treaty shall remain in force. The district court condemned the property [case unreported], and the claimant appealed to this court.

NELSON, Circuit Justice. 1. This case arises under the act of congress of March 2, 1821; and the facts show, either that a false manifest was presented to the deputy collector, or that none at all was presented, in either of which cases the property was forfeited.

2. The deputy collector had no power to waive the requirements of the law, and allow the goods to enter the United States without a compliance with them. In this case, however, no such permission was given.

3. The master was bound to present the manifest immediately, and conform to the requirements of the law, and was not entitled to the twenty-four hours.

4. The reciprocity treaty and the act of congress did not operate to repeal the previous laws, as it respects penalties and forfeitures that had already been incurred. The effect of the treaty and of the act was, to suspend the previous statutes after a given time, so far only as they affected certain enumerated articles, and to admit them thereafter free of duty. Decree affirmed.