## OREGON-WASHINGTON R. & NAV. CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 3, 1915.)

No. 2490.

MASTER AND SERVANT ☜13—HOURS OF SERVICE—OMISSIONS IN REPORTS OF EXCESSIVE HOURS OF SERVICE—LIABILITY.

A carrier, inadvertently and honestly omitting from its report, required by order of Interstate Commerce Commission, pursuant to Interstate Commerce Act Feb. 4, 1887, c. 104, § 20, 24 Stat. 386, as amended by Act June 18, 1910, c. 309, § 14, 36 Stat. 555 (Comp. St. 1913, § 8592) instances in which employés were permitted to remain on duty for a longer period than that prescribed by Hours of Service Act March 4, 1907, c. 2939, 34 Stat. 1415 (U. S. Comp. St. 1913, §§ 8677–8680), is not subject to the penalties imposed by the Interstate Commerce Act, but any omissions must be scrutinized, so as to prevent any evasions of the requirements to make reports in such instances.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14; Dec. Dig. ☜13.

Hours of service of employés, see note to United States v. Houston Belt & T. Ry. Co., 125 C. C. A. 485.]

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action by the United States of America against the Oregon-Washington Railroad & Navigation Company. Judgment for plaintiff, and defendant brings error. Reversed, and remanded for new trial.

W. W. Cotton, Arthur C. Spencer, and Charles E. Cochran, all of Portland, Or., for plaintiff in error.

Clarence L. Reames, U. S. Atty., and Robert R. Rankin, Asst. U. S. Atty., both of Portland, Or., and Philip J. Doherty, Sp. Asst. U. S. Atty., of Washington, D. C., for the United States.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

ROSS, Circuit Judge. The government brought this action to recover 30 penalties, of $100 each, for the alleged violation of a certain order made by the Interstate Commerce Commission, the authority of which is not questioned. It was made June 28, 1911, and is as follows:

"It is ordered, that all carriers subject to the provisions of the act entitled 'An act to promote the safety of employés and travelers upon railroads by limiting the hours of service of employés thereon,' approved March 4, 1907, report within 30 days after the end of each month, under oath, all instances where employés subject to said act have been on duty for a longer period than that provided in said act.

"It is further ordered, that the accompanying forms, entitled 'Interstate Commerce Commission Hours of Service Report,' and the method embodied in the instructions therein set forth, be and the same are hereby adopted and prescribed, and all common carriers subject to the said act are hereby notified to use and follow the said prescribed forms and method in making monthly reports of hours of service of employés on duty for a longer period than that named in said act, commencing with and making the first report for the month of July, 1911.

"And it is further ordered, that copies of said forms, together with a copy of this order, be forthwith served upon all common carriers subject to said act."

The fact is conceded that the plaintiff in error is a common carrier engaged in interstate commerce, and that its railroad extends through the district of Oregon, and that it failed to include in its reports to the Commission the specific instances counted on in the complaint in which employés of the plaintiff in error were permitted to remain on duty for a longer period than that prescribed by Act March 4, 1907, c. 2939, commonly called the Hours of Service Act (34 Stat. 1415 [Comp. St. 1913, §§ 8677–8680]); but it seems to be also conceded by the respective parties that those omissions were inadvertently made, and that all other instances in which such employés were permitted to work overtime were duly reported to the Commission by the railroad company; and the question of law presented for decision is whether such inadvertent omissions rendered the company liable for the fines. The court below, in granting the government's motion for a directed verdict in its favor, and in refusing a like motion made by the defendant railroad company for one in its favor, held that it did, and the sole question for determination here is whether or not that ruling was correct.

The Interstate Commerce Act approved February 4, 1887 (24 Stat. 386, c. 104, § 20), as amended by Act June 18, 1910, c. 309, § 14, 36 Stat. 556 (Comp. St. 1913, § 8592), after authorizing the Commission to require a certain report from all common carriers subject to the provisions of the act touching their income, expenses, indebtedness, etc., and to fix the time and prescribe the manner in which such reports shall be made, provides that:

"If any carrier, person, or corporation subject to the provisions of this act shall fail to make and file said annual reports within the time above specified, or within the time extended by the Commission, for making and filing the same, or shall fail to make specific answer to any question authorized by the provisions of this section within thirty days from the time it is lawfully required so to do, such party shall forfeit to the United States the sum of one hundred dollars for each and every day it shall continue to be in default with respect thereto. The Commission shall also have authority by general or special orders to require said carriers, or any of them, to file monthly reports of earnings and expenses, and to file periodical or special, or both periodical and special, reports concerning any matters about which the Commission is authorized or required by this or any other law to inquire or to keep itself informed or which it is required to enforce; and such periodical or special reports shall be under oath whenever the Commission so requires; and if any such carrier shall fail to make and file any such periodical or special report within the time fixed by the Commission, it shall be subject to the forfeitures last above provided."

The order of the Commission above set out, upon which the action is based, was made pursuant to that statutory provision. In the recent case of San Pedro, Los Angeles & Salt Lake Railroad Co. v. United States (decided February 1, 1915) 220 Fed. 737, 136 C. C. A. 343, in considering the Hours of Service Act, we held that the whole of it "must be taken together, and be so construed as to give effect to its humane purpose, and at the same time to give the railroad companies the benefit of the exceptions and provisos in all cases fairly

brought within their terms and true intent"; that the paramount purpose of the act was to prevent the overworking of the employés, to the end that their efficiency be not impaired; and that the obligation was thereby imposed upon the carriers to comply with that requirement, unless prevented therefrom because of a valid excuse.

We think the same common sense and just construction should be placed upon the order of the Interstate Commerce Commission adopted for the purpose of giving effect to that act, and that an omission honestly and inadvertently made from a report of a carrier, filed pursuant to the order, should not be held to subject the carrier to the penalty prescribed by the act of Congress. Undoubtedly the courts should, and no doubt always will, scrutinize any and all such omissions with care (and in jury cases, as was the present, so instruct the jury), to the end that there be no evasion of the requirements; but we cannot think that an honest mistake or omission fairly comes within the provision of either the statute or the order of the Commission. The only reported case cited by counsel directly upon the point is that of Northern Pacific Railroad Co. v. United States, 213 Fed. 162, 129 C. C. A. 514, decided by the Circuit Court of Appeals for the Eighth Circuit, which is in accordance with these views.

It results that the judgment must be and hereby is reversed, and the cause remanded to the court below for a new trial in accordance with the views above expressed.