ELGIN, J. & E. RY. CO. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.   October 5, 1915.)

No. 2217.

MASTER AND SERVANT ☞17—INTERSTATE COMMERCE ACT—VIOLATIONS—PEN-
ALTIES.

Commerce Act (Act Feb. 4, 1887, c. 104) § 10, 24 Stat. 382 (Comp. St.
1913, § 8574), provides that carriers willfully doing or causing, or suffering
or permitting to be done, anything prohibited or declared unlawful by
that act, or willfully omitting or failing to do anything required to be
done, etc., shall be deemed guilty of a misdemeanor.   Section 20 (Act
June 29, 1906, c. 3591, § 7, 34 Stat. 593), prior to 1910, authorized the In-
terstate Commerce Commission to require annual reports containing sta-
tistical information, and provided that any carrier, failing to make and
file such report within the time specified for making it, should forfeit $100
for each day it should continue in default.   As amended in 1910 (Act June
18, 1910, c. 309, § 14, 36 Stat. 555 [Comp. St. 1913, § 8592]), it further au-
thorizes the Commission to require periodical and special reports con-
cerning matters about which it is authorized or required to inquire, and
provides that any carrier failing to make and file any such report shall
be subject to the forfeitures mentioned.   The Commission required car-
riers subject to the Hours of Service Act (Act March 4, 1907, c. 2939, 34
Stat. 1415 [Comp. St. 1913, §§ 8677–8680]), to report instances where em-
ployés had been on duty for a longer period than that provided in the
act, and defendant filed a report, but omitted certain instances of service
in excess of the time permitted.   *Held*, that the penalty prescribed by
section 20 does not extend to omissions from or misstatements in reports
filed in due time, whether willful or accidental, as, though accurate re-
ports are expected and required, a willfully false sworn report subjects
the affiant to the penalties for perjury, and the carrier to indictment un-
der section 10, and these are the statutory safeguards designed to assure
the required accuracy.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 16;
Dec. Dig. ☞17.]

In Error to the District Court of the United States for the East-
ern Division of the Northern District of Illinois; Kenesaw M. Landis,
Judge.

Action for penalties by the United States against the Elgin, Joliet &
Eastern Railway Company.   Judgment for plaintiff, and defendant
brings error.   Reversed and remanded.

By this writ of error the Elgin, Joliet & Eastern Railway Company seeks to
reverse a judgment of $3,000 on a directed verdict, based on 30 counts, each
charging a violation of an order of the Interstate Commerce Commission, is-
sued on June 28, 1911, and made pursuant to section 20 of the Act to Regu-
late Commerce as amended in 1910.

Prior to 1910, section 20 authorized the Commission to require annual re-
ports under oath containing a vast amount of statistical information, and pro-
vided that "if any carrier   *   *   *   shall fail to make and file said annual
reports within the time above specified, or within the time extended by the
Commission for making and filing the same,   *   *   *   such party shall for-
feit to the United States the sum of one hundred dollars for each and every
day it shall continue to be in default with respect thereto."   34 Stat. 593, § 7.

By the amendment, the following clause was added: "The Commission shall
also have authority by general or special orders to require said carriers
*   *   *   to file   *   *   *   both periodical and special reports concerning any
matters about which the Commission is authorized or required by this or any

other law to inquire or to keep itself informed or which it is required to enforce; and such periodical or special reports shall be under oath whenever the Commission so requires; and if any such carrier shall fail to make and file any such periodical or special report within the time fixed by the Commission, it shall be subject to the forfeitures last above provided." 36 Stat. 556, § 14.

The Hours of Service Act (34 Stat. 1416 [Comp. St. 1913, § 8678]), which the Commission is required to enforce, provides that no train dispatcher "shall be * *. * permitted to be or remain on duty for a longer period than nine hours in any twenty-four hour period * * * except in case of emergency, when the employés named * * * may be permitted to be and remain on duty for four additional hours * * * on not exceeding three days in any week."

The Commission's order, as set out in the declaration and stipulation of facts on which the case was heard, reads as follows: "It is ordered, that all carriers subject to the provisions of the act entitled 'An act to promote the safety of employés and travelers upon railroads by limiting the hours of service of employés thereon,' approved March 4, 1907, report within 30 days after the end of each month under oath, all instances where employés subject to said act have been on duty for a longer period than that provided in said act."

The declaration charged that the defendant, "having theretofore failed to make and file with said Commission in any form whatsoever a report of all the instances wherein its employés subject to" the Hours of Service Act were on duty in "December, 1912, for a longer period than that provided in said act, did, on the 1st day of February, 1913, continue to be in default with respect thereto and did fail to make and file with said Commission any report of the following instances" alleging specific instances of service in excess of nine hours.

The stipulated facts showed that the employés in question had been in service more than nine, but less than thirteen, hours for three consecutive days in December, 1912; that for December, 1912, the form of report required by the Commission was made within thirty days and that it contained no reference to the excess hours in question. The court rejected defendant's offer to prove the facts which it claimed constituted an emergency within the statute, and its further offer to prove its belief that the facts did constitute a statutory emergency, and that these instances were omitted from the regular monthly report only because of the good faith understanding and belief of defendant's chief dispatcher, whose duty it was to make, and who in fact made, the reports, that under the Commission's order there was no obligation to include these instances, and that the omission was not due to any intention to evade either the Hours of Service Act or the Commission's order.

John R. Cochran, of Chicago, Ill., for plaintiff in error.

Charles F. Clyne and Frederick Dickinson, both of Chicago, Ill., and Philip J. Doherty, of Washington, D. C., for the United States.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

MACK, Circuit Judge (after stating the facts as above). While questions as to the scope of the Commission's order and the existence of an emergency have been fully presented, we find it unnecessary to determine them, in view of the conclusions which we have reached as to the construction of section 20.

The section originally required annual reports from carriers. A mass of detailed statistical information was to be included therein. Accurate information was, of course, desirable. Whoever was charged with the duty of preparing and swearing to such a report must necessarily, however, rely upon the statement of others and upon doc·

uments and statistics. Clerical errors might readily occur; both the facts and the law applicable thereto might be uncertain, and give rise to what might ultimately be held a mistaken interpretation.

While Congress undoubtedly expected and required an accurate report, it did not, in this section, prescribe a penalty for failure to make the report absolutely exact, but for failure to make and file a report within a specified time. Errors and omissions, whether accidental or willful, might readily escape detection by the executive officials of the carrier and by the Commission; but a failure to file any annual report within the fixed period would be quickly discovered. The penalty of $100 for each day's delay in filing the report would be sufficient to compel prompt attention to such a requirement.

A willfully false sworn report would subject the affiant to the penalties for perjury and the carrier to indictment under section 10 of the act. These were the express statutory safeguards designed to assure the required accuracy. But in the absence of a clear expression of such intention it will not be presumed that Congress purposed inflicting on the carrier such a penalty as $100 a day for the innocent omission or innocent misstatement of some one of the thousands of facts required to be reported annually. No such expression appears in, and no such intention is to be gathered from, the words of the statute.

The penalty prescribed is not for filing a false or erroneous report; unlike the acts considered in 134,901 Feet of Pine Lumber, 4 Blatchf. 182, Fed. Cas. No. 10,523, and The Ship Anna, 1 Dall. 197, 1 L. Ed. 98, the statute does not expressly characterize the required report as a *true* report, and punish the failure to make such a report; what it penalizes is the delay in filing any report of the general character specified in the act. To interpret the penal clause broadly as covering a failure not merely to file a report, but also to include therein each item with absolute accuracy, would violate the fundamental rules for the construction of penal statutes, and, in case the error remained undis-covered for a long time, would subject the carrier to enormous and entirely disproportionate penalties.

The amendment of 1910 emphasizes this construction; it repeats the words of the original clause; it again exacts the penalty for the delay in filing the required report, not for omissions therefrom. While the likelihood of clerical errors, and perhaps of mistakes either of law or of fact, may be less in periodical or special reports than in the general annual report, the amendment is to be construed in harmony with the original act; so construed, it cannot be held to extend to omissions from or misstatements in the periodical report filed in due time, whether such omissions or misstatements be willful or accidental.

We concur fully in the opinion rendered by Judge Sanborn in U. S. v. N. P. Ry. Co., 213 Fed. 162, —— C. C. A. —— (C. C. A. 8th Circuit), followed in O.-W. R. & N. Co. v. U. S., 222 Fed. 887, —— C. C. A. —— (C. C. A. 9th Circuit). Compare, too, U. S. v. Four Hundred and Twenty Dollars (D. C.) 162 Fed. 803.

As the sufficiency of the declaration has not been and is not questioned by plaintiff in error, it may be construed, especially after ver-

dict, as charging in substance that no report of service for December, 1912; was rendered; this averment, however, is contrary to conceded facts. A verdict for defendant should have been directed.

The judgment will be reversed, and the cause remanded for retrial.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes